Bischoff, J.
— This was an action for conversion. The fund alleged to have been wrongfully retained from plaintiff was held by the defendants under the following circumstances : Plaintiff and *180 one Zimmerman were stockholders in the .Peoria, Decatar & Evansville Railway Company, which company had in project a consolidation of the Chicago & Ohio River Railroad Company. Defendants were apparently interested in having this consolidation effected, but it was opposed by plaintiff and Zimmerman, which latter instituted an action to restrain the Peoria Company from taking the course contemplated. The defendant Nicholas employed one Hollins to obtain the consent of plaintiff and Zimmerman to the consolidation, and, upon the part of the latter, the discontinuance of the injunction suit, the terms of the agreement upon which plaintiff’s consent was actually obtained being that he should receive the sum of $693.50 upon such consolidation ; but from whom the money was to be received does not clearly appear. In pursuance of the agreement,, defendant Nicholas received certain checks, which, in the presence of one Rushmore, who apparently represented the plaintiff, were placed by Nicholas in an envelope, and sealed up.
According to the plaintiff’s testimony, the agreement made by him with Hollins, under which agreement these funds were held by defendants, was as appeared in a copy of a certain unsigned document, in evidence as plaintiff’s Exhibit G, and which read as follows:
“ We, H. T. Nicholas & Co., admit the receipt of two thousand four hundred and ninety-eight dollars ($2,498), the same to be held by us until July 15th, 1893, and on that date paid out as follows:
To Frank 0. Hollins................'.......... $1,111 00
“ William M. Halladay....................... 693 50
“ “ “ “ ...................... 693 50
$2,498 00
The aforesaid payments to be conditioned upon the consolidation and issue of bonds in accordance with the terms of the proxy hereto annexed. In case the said consolidation be not effected, or said bonds be not authorized to be issued, the money to be returned to P. O’Connor, Esq’re, from whom the same was received.”
The proxy referred to was in the usual form of a power of attorney, authorizing the attorney designated' to vote upon the “proposition to consolidate,” etc., and describing the subjects of consolidation. The only possible construction to be placed upon the words contained in this paper was that the payments noted were to be made by defendants to plaintiff only in event of the consolidation being “effected” before July 15, 1893. Such was the express condition. It was admitted upon the trial that the consolidation was not “perfected” until August, 1893, and plaintiff’s demand for the sum in suit was not made until September. The recovery below was apparently based upon the theory that, granting the fact that there had been no actual consolidation before July 1st, yet, according to a deposition read in evidence by the plaintiff, the stockholders had met on the 13th of that *181 month, and voted in favor of consolidation. The party so deposing further stated that a consolidation was not “ effected ” until the laws regulating such action had been complied with, and this statement accords with our view of the situation. The favorable vote of the stockholders did not “ effect ” a consolidation, and authorize the issue of bonds to any greater degree than would the express determination of individuals to organize a corporation create such corporation, and authorize its corporate assumption of liability. It appearing conclusively from the plaintiff’s evidence that some forms of law were required to be complied with before the consolidation could become an accomplished fact, and that these forms were not complied with until after the 15th of July, it is clear to demonstration that there was no “ consolidation ” of these two corporations at that date, and hence the condition upon which plaintiff’s title to the fund held by the defendants, whether as stockholders, trustees or promisors, depended, was not fulfilled, and no cause of action for conversion was created by the latter’s refusal of his demand for payment when made. Therefore, the exceptions to the denial of the defendants’ motion, for dismissal of the complaint when plaintiff rested, and to the justice’s refusal to direct a verdict at the close of the case, present error, for which this judgment must be reversed.
Judgment reversed, and new trial ordered, with costs to abide the event AH concur.